UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RASHA FULLER,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN,<br><br>    Respondent. | No. 2:25-cv-0781-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner Ahmad Fuller, a state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion requesting a stay of his criminal sentence pending habeas review. (ECF Nos. 1, 2.) Petitioner paid the filing fee. On April 4, 2025, petitioner filed a first amended petition for writ of habeas corpus, which is the operative petition under Rule 15 of the Federal Rules of Civil Procedure.

    Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). Because petitioner has failed to exhaust available state court remedies, the present application for habeas corpus relief should be summarily dismissed. Petitioner's motion for a stay of sentence should be denied.

1

Petitioner challenges a judgment entered in the San Joaquin County Superior Court convicting him of kidnapping, first degree robbery, and other offenses, for which he was sentenced to a determinate state prison term on September 25, 2023. (See ECF No. 5 at 19-20.) The first amended petition raises four grounds for relief as follows: (1) Unlawful Sentence Stacking (Penal Code 654 Violation); (2) Judicial Misconduct; (3) Double Jeopardy Violation; and (4) Due Process and Eighth Amendment Violations. (Id. at 1-2.)

At the outset, petitioner's grounds for relief contain insufficient factual allegations because each ground for relief consists of just two sentences. Rule 2(c) of the Rules Governing Section 2254 Cases requires that a petition brought under 28 U.S.C. § 2254 "specify all the grounds for relief which are available to the petitioner [and] state the facts supporting each ground[.]" The Advisory Committee's Notes to Rule 4 further explain that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see also Mayle v. Felix, 545 U.S. 644, 655 (2005). Petitioner clearly sets forth the legal theory for each ground but fails to set forth the specific facts relevant to petitioner's trial or sentencing on which the claims are based. Thus, the first amended petition does not give fair notice of the factual basis for the claims.

Although the lack of sufficient factual allegations could potentially be remedied, it would be futile to allow amendment because petitioner has not exhausted available state court remedies on the grounds raised, which is a prerequisite to this court's consideration of the claims. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[1] A petitioner satisfies the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and by demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275 (1971); Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). A failure to exhaust may only be excused if "there is

---

[1] Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. See 28 U.S.C. § 2254(b)(1)(A). The court may raise the exhaustion issue sua sponte. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.A. § 2254(b)(1).

Here, petitioner filed a habeas corpus petition in the Sacramento County Superior Court seeking relief on the grounds raised in the present federal petition.[2] (ECF No. 5 at 2.) The Sacramento County Superior Court denied the petition for lack of jurisdiction because petitioner's direct appeal was still pending. (Id. at 23.) Petitioner alleges he is not required to exhaust state remedies because the state court failed to provide meaningful review and rendered state remedies ineffective. (Id. at 2.)

Petitioner has not shown circumstances rendered the state process ineffective to protect his rights and is not excused from exhausting his claims. See 28 U.S.C. § 2254(b)(1)(B)(ii). The state court did not commit a procedural error or mistake of law that improperly barred consideration of petitioner's claim and petitioner makes no such allegations. Instead, petitioner presented these grounds to the trial while his direct appeal was still pending, which deprived the trial court of jurisdiction. (See ECF No. 5 at 23.) Petitioner has not given the California Supreme Court an opportunity to consider the claims he now brings and does not allege facts under which there is an absence of a State corrective process. Petitioner must exhaust available state remedies by presenting his claims to the California Supreme Court before bringing the federal petition. See 28 U.S.C. § 2254(b)(1); Picard, 404 U.S. at 276; Middleton, 768 F.2d at 1086.[3]

**Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This information is not intended as legal advice.

////

---

[2] Petitioner did not pursue these grounds on direct appeal. See People v. Fuller, No. C087375, 2019 WL 2635553, at *1 (Cal. Ct. App. June 27, 2019) (addressing a single claim that the trial court abused its discretion in excusing a juror).

[3] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

1    The undersigned is recommending that your petition be dismissed because you have not
2 exhausted state court remedies by raising your claims to the California Supreme Court before
3 filing this federal suit. If you disagree, you have 14 days to inform the court. Label your
4 explanation "Objections to the Magistrate Judge's Findings and Recommendations."

5    In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a
6 district judge to this case.

7    In addition, IT IS RECOMMENDED as follows:

8    1. The petition for writ of habeas corpus be summarily dismissed for failure to exhaust
9       state remedies.
10   2. Petitioner's motion seeking a stay of sentence (ECF No. 2) be denied.
11   3. The Clerk of the Court be directed to close this case.

12   These findings and recommendations will be submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
14 after being served with these findings and recommendations, petitioner may file written
15 objections with the court. In any objections, petitioner may address whether a certificate of
16 appealability should issue in the event he files an appeal of the judgment in this case. See Rule
17 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a
18 certificate of appealability when it enters a final order adverse to the applicant). Petitioner is
19 advised that failure to file objections within the specified time may waive the right to appeal the
20 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 Dated: April 30, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, full0781.scrn.fr

4