UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RASHA FULLER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | No. 2:25-cv-0781-DC-CKD P<br><br><br>ORDER VACATING FINDINGS AND<br>RECOMMENDATIONS |

　　　　Petitioner Ahmad Fuller, a state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion requesting a stay of his criminal sentence pending habeas review. (ECF Nos. 1, 2.) Petitioner paid the filing fee. On April 30, 2025, the undersigned screened the operative first amended petition and found it failed to comply with Rule 2(c) of the Rule Governing Section 2254 Cases and did not give fair notice of the factual basis for the claims. (ECF No. 6.) In addition, because the face of the petition indicated petitioner had not exhausted state court remedies on any of the grounds presented, the undersigned recommended the petition be summarily dismissed for failure to exhaust. (Id.)

　　　　Petitioner did not file any clearly labeled objections to the findings and recommendations. However, on June 12, 2025, petitioner filed a letter requesting appointment of counsel. (ECF No. 8.) On June 18, 2025, petitioner filed another letter requesting appointment of counsel which stated "I have a case out of San Joaquin County that was recently denied for review in the

1

Supreme Court, I would like to further my appeal within the United States District Cout Eastern District of California. [¶] This letter is to inform the court [that] I would like to file for an appeal in this Court[.]" (ECF No. 8.)

Based on petitioner's statement that he had a petition for review relevant to a San Joaquin County case recently denied for review in the California Supreme Court, the undersigned will vacate the pending findings and recommendations to dismiss this action for failure to exhaust and grant petitioner an opportunity to file a further amended federal petition using the form provided by the court with this order. If petitioner files a further amended petition, the court will screen it for compliance with the exhaustion requirement[1] and applicable pleading standards.

Petitioner's requests for the appointment of counsel will be denied. There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

**Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This information is not intended as legal advice.

The court reviewed your letter stating your petition for review was recently denied by the Supreme Court. The recommendation to dismiss this action for failure to exhaust is being vacated and you are being granted an opportunity to file a further amended federal petition in this action. If you file a further amended petition, the court will screen it and determine whether you can proceed in this case.

////

---

[1] Federal law requires all habeas claims to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

**Order**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Petitioner's requests for appointment of counsel (ECF Nos. 7, 8) are DENIED without prejudice to a renewal of the motion at a later stage of the proceedings.
2. The findings and recommendations filed April 30, 2025 (ECF No. 6) are VACATED.
3. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.
4. Petitioner is granted leave to file an amended petition on the form provided by the court within 45 days of the date of this order; any amended petition must bear the case number assigned to this action and must be titled "Second Amended Petition"; failure to file a Second Amended Petition will result in a recommendation that this action be dismissed.

Dated:  August 18, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, full0781.vacfr.lta