UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RASHA FULLER,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | No.  2:25-cv-0781-DC-CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 10.) As petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondent will be directed to file a response to petitioner's habeas petition.

Petitioner's motion titled "Motion for Emergency Stay and Release Pending Habeas Review" (ECF No. 2) is also before the court. Petitioner states the motion is brought under 28 U.S.C. § 2251. The motion asserts without supporting facts or evidence that petitioner is likely to succeed on the merits and is suffering irreparable harm from imprisonment. (Id. at 2.) Petitioner also states the balance of hardships and public interest both support relief. (Id.) Petitioner seeks an emergency stay preventing further execution of his sentence.

Title 28 section 2251 provides as follows:

> A justice or judge of the United States before whom a habeas corpus

1

>proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C.A. § 2251(a)(1).

Section 2251 is primarily applied in the context of stays of execution of capital defendants, but "allows for a stay of any proceeding, judicial or otherwise, relating to the subject matter of the habeas corpus petition." Byrd v. Moore, 252 F.Supp.2d 293, 306 n.3 (W.D.N.C. 2003). In a case involving a motion to stay the execution of an allegedly incompetent capital defendant, the Ninth Circuit has held that a petitioner seeking a stay under section 2251 must demonstrate substantial grounds on which relief might be granted. Vargas v. Lambert, 159 F.3d 1161, 1166 (9th Cir. 1998). Petitioner has not demonstrated substantial grounds on which relief might be granted. Accordingly, it will be recommended that petitioner's motion for a stay of the execution of his sentence under 28 U.S.C. § 2251(a)(1) be denied.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;

2. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

3. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

4. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

////

In addition, IT IS RECOMMENDED that petitioner's "Motion for Emergency Stay and Release Pending Habeas Review" (ECF No. 2) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 10, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, full0781.100+fr